UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

JAMAR BROWN.

Criminal Action No. 3:01−CR−304-12
Civil Action No. 3:12−CV−553

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Jamar Brown's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (Doc. No. 550) and the United States' Motion to Dismiss § 2255 Petition ("Motion to Dismiss") (Doc. No. 562). For the reasons stated below, the Court GRANTS the Motion to Dismiss and DISMISSES Brown's § 2255 Motion.

## BACKGROUND

On November 20, 2001, Brown and thirteen other individuals were indicted in a two-count Superseding Incitement. Count One charged Brown with Racketeering Influenced and Corrupt Organizations ("RICO") conspiracy, in violation of 18 U.S.C. § 1962(c), and Count Two charged Brown with conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846. On February 14, 2002, pursuant to a written plea agreement, Brown pled guilty to Count One of the Superseding Indictment. On May 22, 2002, the Court sentenced Brown on Count One to life imprisonment.[1] Upon the Government's motion, the Court dismissed Count Two of the Superseding Indictment. Brown did not appeal his conviction or sentence.

On July 9, 2012, Brown filed the instant § 2255 Motion. In his § 2255 Motion, Brown alleges two grounds for relief:

---

[1] On June 18, 2003, the Court reduced this sentence to 360 months.

1

|              |                                                                                                                              |
| ------------ | ---------------------------------------------------------------------------------------------------------------------------- |
| Ground One:  | Brown received ineffective assistance of counsel during his plea bargaining and negotiations under *Missouri v. Frye*, 132 S. Ct. 1399 (2012). |
| Ground Two:  | Brown's sentence was improperly calculated under the Fourth Circuit's holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). |

The United States responded by filing a Motion to Dismiss, arguing that Brown's § 2255 Motion should be dismissed as time-barred. The Court provided Brown twenty days to respond to the United States' Motion to Dismiss and reminded Brown that "[p]ursuant to Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) . . . [Brown was] entitled, but not required, to file a reply." Order, July 25, 2012, Doc. No. 552. Brown did not reply to the Motion to Dismiss within the time allotted by the Court. Accordingly, the matter is now ripe for decision.

## DISCUSSION

## I. MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER § 2255

### a. Legal Standard

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255; *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Therefore, the Court generously interprets Brown's factual allegations and legal

contentions.

Petitions for collateral relief pursuant to § 2255 are subject to a one-year limitation period. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right the defendant claims, provided that the right applies retroactively to cases on collateral review; or (4) on which the facts supporting the defendant's claim could have been discovered by exercising due diligence. *Id.* A conviction becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003).

The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling. *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000)). For equitable tolling to apply, an otherwise time-barred petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented timely filing. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)).

### b. Analysis

Both claims alleged in Brown's § 2255 Motion are untimely under § 2255(f) and not subject to equitable tolling. Under § 2255(f)(1), a motion under § 2255 must be filed within one year of "the date on which the judgment of conviction becomes final." This Court sentenced Brown and entered a judgment of conviction on May 22, 2002. Brown did not file a notice of appeal within ten days after his sentencing, and therefore, his conviction became final on June 6, 2002.[2] *See Clay*, 537 U.S. at 524–25, 532. Brown did not file his § 2255 Motion until July 9, 2012, more than ten years after his conviction was finalized. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding an inmate's document is deemed filed as of the date it is deposited in the prison mailing system). Brown's § 2255 Motion is therefore untimely under § 2255(f)(1).

Brown, however, asserts that his § 2255 Motion is timely under § 2255(f)(3) because he filed it within one year of the Supreme Court's decisions in *Frye* and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and the Fourth Circuit's decision in *Simmons*.[3] Brown's first claim for relief asserts that he received ineffective assistance of counsel when his attorney failed to inform him of all the elements required to prove a RICO conspiracy. Brown asserts this prejudiced him because he would not have accepted a plea to the RICO conspiracy charge had he known all of the elements. Brown contends this claim is cognizable under the Supreme Court's recent decisions in *Frye* and *Lafler*, which considered cases where "a criminal defendant [sought] a remedy when inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler*, 132 S. Ct. at 1382-83.

A petitioner may rely on a new Supreme Court case and file a § 2255 petition more than a

---

[2] In 2002, the Federal Rules of Appellate Procedure allowed a criminal defendant ten days, exclusive of weekends and holidays, to appeal. Fed. R. App. P. 4(b) (2002); Fed. R. Civ. P. 6(a) (2002). Excluding weekends and Memorial Day, Brown had until June 6, 2002 to file a notice of appeal.

[3] Brown also asserts his claims are timely under § 2255(f)(4), which allows filing within one year of the date upon which the facts supporting his claims were discovered. Brown's assertion fails because the Supreme Court's decisions in *Frye* and *Lafler* do not constitute a factual predicate for his claims under § 2255(f)(4). *See Moore v. United States*, No. 3:12cv152, 3:99cr163-01, 3:01cr31-2, 2013 WL 655121, at *4 (W.D.N.C. Feb. 22, 2013) ("Indeed, each circuit that has considered the issue has found that a legal decision that does not change any part of the petitioner's own criminal history constitutes a ruling of law and does not create a new factual predicate for a federal habeas claim.") (citations omitted).

year after the finalization of his conviction under § 2255(f)(3) if: (1) the case involves a right newly recognized by the Supreme Court; (2) the right is made retroactive on collateral review; and (3) a motion under § 2255 is filed within one year of the new Supreme Court opinion. *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). Though Brown filed his claim within one year of *Frye* and *Lafler*, his claim does not satisfy the other two requirements of § 2255(f)(3). To date, the Court has found no cases deciding *Lafler* applies retroactively to claims on collateral review. A number of district and circuit courts have held *Lafler* did not announce a new rule of constitutional law. *See Kelly v. United States*, No. 1:06r297, 1:12 cv988, 2013 WL 150325, at *2 (E.D. Va. Jan. 10, 2013) (citing *Hare v. United States,* 688 F.3d 878, 879 (7th Cir.2012) (holding that *Lafler* applied an "established rule"); *In re Perez,* 682 F.3d 930, 932 (11th Cir. 2012) (holding that *Lafler* was merely an application of the Sixth Amendment right to counsel); *Buenrostro v. United States,* 697 F.3d 1137, 1140 (9th Cir. 2012) (same); *U.S. v. Tew,* 2012 WL 2236662, at *2 (W.D.Va. June 15, 2012)). In contrast, one court within this district held *Lafler* announced a new constitutional rule, but found that it did not satisfy the *Teague* requirements to apply retroactively to cases on collateral review. *Berry v. United States*, 884 F. Supp. 2d 453, 462-63 (E.D. Va. 2012). Either finding—that *Lafler* did not create a newly recognized right or created a new right that is not retroactively applicable—leads to the same result that a *Lafler* claim does not fall under § 2255(f)(3). *Kelly*, 213 WL 150325, at *2.

Even if *Lafler* and *Frye* applied retroactively, however, Brown's claim still would not fall under § 2255(f)(3) because his claim does not invoke the right recognized by *Lafler* or *Frye*. Brown contends that he received poor advice from his attorney in deciding to accept a plea offer. This claim fits squarely within the holdings in *Hill v. Lockhart*, 474 U.S. 52 (1985) and *Padilla v. Kentucky*, 559 U.S. 356 (2010), previously decided by the Supreme Court. *Hill* and *Padilla* considered cases where the "claim was that the prisoner's plea of guilty was invalid because counsel had provided incorrect advice pertinent to the plea." *Frye*, 132 S. Ct. at 1406. Both cases applied the *Strickland v. Washington*, 466 U.S. 668 (1984), standard to claims that counsel's

inadequate advice resulted in the petitioner's plea of guilty. *Id.* at 1405-06. Brown's first claim fits squarely within the *Hill* and *Padilla* decisions, and he therefore does not rely on a new Supreme Court decision in asserting his first claim for relief. Accordingly, Brown's first claim is untimely under § 2255(f).

Brown's second claim for relief is also untimely under § 2255(f). Brown's second claim for relief asserts he is entitled to relief under *Simmons*. In *Simmons*, the Fourth Circuit interpreted the Supreme Court's ruling in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), finding that *Carachuri-Rosendo* stood for the principle that enhancement of a federal sentence based on a prior conviction requires a sentencing court to determine the maximum sentence of the prior conviction based on the actual level of aggravation, rather than the maximum sentence that could have been imposed on a hypothetical defendant who was guilty of an aggravated offense. *United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012). Though Brown filed his claim within one year of the *Simmons* decision, the claim is untimely because § 2255(f)(3) applies only to new Supreme Court cases and *Simmons* was decided by the Fourth Circuit. If Brown instead relies on *Carachuri-Rosendo*, the claim is untimely because he filed his § 2255 Motion more than a year after the Supreme Court's decision. Finally, even if the claim was filed within one year of the case, the Fourth Circuit has held the rule detailed in *Simmons* and *Carachuri-Rosendo* does not apply retroactively, and therefore does not fall under § 2255(f)(3). *See id.* at 560. Brown's *Simmons* claim is therefore untimely under § 2255(f).

Finally, Brown's claims are not entitled to equitable tolling. Brown contends he is entitled to equitable tolling under *Farmer v. United States*, 867 F. Supp. 2d 785, 790-93 (E.D.N.C. 2012). In *Farmer*, the court found that the Fourth Circuit's decision in *Simmons* significantly changed the circuit's interpretation of the holding in *Carachuri-Rosendo* and therefore the *Simmons* decision constituted an extraordinary circumstance required to equitably toll the limitations period. *Id.* at 792. *Farmer* does not control here because the court held the rule in *Simmons* was retroactively applicable on collateral review, a holding subsequently

rejected by the Fourth Circuit. *Powell*, 691 F.3d at 560. Because *Simmons* does not apply retroactively to cases on collateral review, it cannot be an extraordinary circumstance warranting equitable tolling. No other evidence in the record indicates Brown diligently pursued his rights in the ten years after his conviction became final; therefore, he is not entitled to equitable tolling of his claims. *See Holland*, 130 S. Ct. at 2562. Finding Brown's claims are untimely under § 2255(f) and not entitled to equitable tolling, the Court must DISMISS Brown's § 2255 Motion.

## II.  CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Brown is entitled to further consideration of his claims. Accordingly, the Court DENIES a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Government's Motion to Dismiss, DISMISSES Brown's § 2255 Motion, and DENIES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to Mr. Brown and all counsel of record.

An appropriate order shall issue.

_____/s/_____
James R. Spencer
United States District Judge

ENTERED this __28th____ day of May 2013.